STATE EX REL. SMITH, RESPONDENT, v. FOX MISSOULA THEATRE CORPORATION ET AL., APPELLANTS.
(No. 8307.)

(Submitted November 16, 1942. Decided December 30, 1942.)

[132 Pac. (2d) 711.]

Cause submitted on Briefs of Counsel.

*Mr. John W. Mahan,* for Appellants.

*Mr. Howard M. Gullickson,* Acting Attorney General, *Mr. Fred Lay,* Assistant Attorney General, and *Mr. J. Miller Smith,* County Attorney of Lewis and Clark County, for Respondent.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an appeal from a judgment of the district court of Lewis and Clark county, sitting without a jury, in favor of the plaintiff restraining the defendants from maintaining and conducting alleged nuisances, plaintiff further seeking to have "all furniture, apparatus, documents, files, records, record books, registration books, and other equipment on said premises, used in conducting, maintaining or abetting said nuisance mentioned herein removed from said premises [and] be disposed of according to law."

The defendants are charged with conducting moving picture shows at the "Marlow" and "Rio" theatre buildings in Helena, Montana, at which it is alleged a lottery is conducted at certain times, all in violation of section 11124, Revised Codes, relating to maintaining a nuisance. The charge is in effect that the defendants conduct "Bank Nights" where patrons of the shows may, by purchasing a ticket of admission, acquire the right to draw a prize of material value.

The facts involved here are somewhat different from those involved in *State ex rel. Stafford* v. *Fox-Great Falls Theatre Corporation, ante* p. 52, 132 Pac. (2d) 689, but

the difference in the facts does not in any particular affect the grounds on which our decision rested in that case. The determining question there was whether or not the price paid for admission to the show constituted a valuable consideration for the chance to win the prize. Section 11149, Revised Codes, provides: ''A lottery is any scheme for the disposal or distribution of property by chance, among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property * * *.''

In accordance with the ruling in the Great Falls case, the judgment in this action is reversed and the cause remanded to the district court with instruction to dismiss the action.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICE ANDERSON concur.

MR. JUSTICE ANGSTMAN:

As stated in the foregoing opinion, this case is ruled by that of *State ex rel. Stafford* v. *Fox-Great Falls Theatre Corporation.* I agree that there is no such difference between the two cases as to call for a different result. Not having agreed with the majority opinion in the Great Falls case, I concur in the result of the foregoing opinion solely upon the ground of *stare decisis.*

MR. JUSTICE ERICKSON concurs in what is said above by MR. JUSTICE ANGSTMAN.